**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINA READ, | No. 12-56223 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02662-MWF-MRW |
| v. | |
| DENISE de BELLEFEUILLE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Marina Read appeals pro se from the district court's judgment dismissing her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine over Read's claims which amounted to a forbidden "de facto appeal" of a state court judgment and raised claims that were "inextricably intertwined" with that state court judgment. *Id.* at 1163-65 (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

The district court did not abuse its discretion by dismissing Read's action without leave to amend because Read cannot correct the defects in her complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

Read's contentions that she was denied her right to discovery and to a jury trial, and that the district court did not take her allegations as true, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Timm Delaney's and Pickford Real Estate, Inc.'s request for joinder and incorporation by reference contained in their answering brief is granted.

**AFFIRMED.**